**STATE, Plaintiff-Appellee, v. STAMPER, et, Defendants-Appellants.**

Ohio Appeals, First District, Warren County.

No. 210. Decided December 22, 1948.

Carl Abaecherli, Lebanon, for plaintiff-appellee.

Clarence J. Stewart, Wm. P. Keane, Dayton, for defendants-appellants.

## OPINION

By THE COURT:

The defendants were convicted of armed robbery. On this appeal four errors are assigned as reasons for the reversal of the conviction. These are:

(1) Error in admitting evidence which tended to disclose that defendant participated in an attempted robbery on the same night shortly before the offense was committed of which they were convicted.

(2) Refusal to admit evidence relating to a "lie detector" experiment to which it was claimed the defendant Stamper had been subjected.

(3) Error in the general charge.

(4) That the verdict is manifestly against the weight of the evidence.

We have read the record and the briefs relating to these claims of error, and shall discuss them briefly in the order stated.

As to the first assignment, counsel for appellant urges strongly that the evidence showing the other crime had no tendency to prove any element of the crime with which these appellants were charged. That may be conceded, but it was not sufficient for the state to prove that the crime had been committed. In addition, the State was obliged to prove that the appellants were the criminals. That was in fact the principal issue in this case—and counsel has overlooked that in his argument. It was this issue to which this evidence was relevant. The appellants denied their participation in the crime and pleaded an alibi. The whereabouts of the appellants shortly before and after and at the time of the crime and their conduct were certainly most relevant. Their

presence at any time or place could not be established without proof of identification. Any evidence that tended to support the positive identification of the witnesses was competent and relevant. The circumstances showing the opportunity of the witnesses to observe the appellants was equally relevant.

The evidence objected to was of this character. It did show the appellants had attempted to commit another crime, but the court carefully limited its use by the jury to the issues in this case. We find no error in its admission.

Next, it is objected that the Court erred in excluding evidence of an experiment with a "lie detector." It appears that prior to a former trial of this case, the defendant had submitted himself to a "lie detector" to determine his veracity and at the first trial an expert witness was placed on the stand who testified to the use of the lie detector in order to establish its reliability in determining whether the truth is being told. On objection, the Court at the first trial sustained the State's objection and the witness was not permitted to testify as to the result of the test as applied to appellant Stamper.

On this second trial, the appellants sought to use a transcript of the testimony of this witness on the ground that the witness was not available because he was out of the jurisdiction of the court. The court sustained the State's objection. This ruling of the Court could not possibly be prejudicial to appellants. If the whole transcript had been read to the jury, it would have proven nothing other than that a "lie detector" was reliable. It would not have proved that appellant Stamper's denial of guilt was the truth because there was no testimony in the transcript of the testimony of the witness on that subject.

We find no prejudicial error in the ruling of the Court in this regard.

As to the remaining assignment of error, we think it sufficient to say that the issues were submitted to the jury in a charge that is free of any substantial error, prejudicial to appellants, and that the verdict is sustained by ample evidence.

For these reasons, the judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.